UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re Application of SPEAR LIMITED,
    Applicant,

No. 24-mc-12842-LTS

Pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in Obtaining Evidence for Use in a Foreign Proceeding.

### REPORT AND RECOMMENDATION ON SPEAR LIMITED'S MOTION TO SUPPLEMENT ITS APPLICATION FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

KELLEY, U.S.M.J.

    For over a year, Spear Limited has been seeking assistance pursuant to 28 U.S.C. § 1782 from both this Court and the United States District Court for the Southern District of Florida to obtain evidence for use in its case, in Malta, against JDI Integrations, LLC. Spear's claim against JDI is for breach of contract. In the Southern District of Florida, Spear is seeking evidence, (and has obtained some), from JDI itself. Spear's efforts in that case are ongoing. Here, Spear is seeking evidence from a non-party to the Maltese proceeding, Noble Supply & Logistics, LLC.[1]

---

[1] Spear's § 1782 application in the Southern District of Florida was filed on November 13, 2024, see #1:24-mc-24481, #1, and its application in this Court was filed on November 14, 2024, see #1.

1

Spear has moved to supplement its § 1782 application. (#41.) For the reasons discussed below, the court recommends that the motion be denied without prejudice.[2]

### Where Things Stand

On December 10, 2024, this court issued a report and recommendation on Spear's *ex parte* § 1782 application. (#8.) It found that the statutory requirements had been met,[3] and recommended that Judge Sorokin exercise his discretion to grant the application, in part.[4, 5] (#8.) Judge Sorokin adopted the report and recommendation. (#17.)

Spear then served a subpoena on Noble, and Noble moved to quash. (##19-21, 30). Spear opposed. (#25.) On June 30, 2025, this court ordered Noble to produce the discovery that it agreed to produce, i.e. a list of contract awards made by Noble to JDI, including the date and amount of

---

[2] As the court did on Spear's initial § 1782 application, *see* #8 at 1, n.1, on this referred motion, *see* #42, which is arguably a supplemental § 1782 application, the court issues a report and recommendation. Pursuant to Fed. R. Civ. P. 72(b)(2), any party who objects to the Report and Recommendation must file specific written objections with the Clerk within fourteen (14) days of service of the Report and Recommendation. The objections must specifically identify the portions of the Report and Recommendation to which objections are made and state the basis for such objections. Failure to comply with Rule 72(b)(2) will preclude further appellate review.

[3] The statute requires that the application (1) be directed to a person who resides or is found in the district where the court sits; (2) be for documents or testimony for use in a foreign proceeding; (3) be made by a tribunal or upon the application of an interested party; and (4) not seek materials protected by any legally applicable privilege. 28 U.S.C. § 1782(a); *see In re Schlich*, 893 F.3d 40, 46 (1st Cir. 2018).

[4] The four discretionary factors, drawn from *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004), are: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceeding, and the receptivity of the foreign government, court or agency to U.S. federal court assistance; (3) whether the discovery request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country or U.S.; and (4) whether the request is unduly intrusive or burdensome. *Schlich*, 893 F.3d at 47.

[5] The court narrowed the subpoena to include only the relevant time period and did not recommend that Spear be authorized to serve "follow up" subpoenas.

each award, from February 20, 2020, to the present. Otherwise, the court ordered the parties to confer and file a joint report on the status of the Southern District of Florida case,[6] and setting out what, if any, discovery Spear was still seeking from Noble. (#31.) Noble then agreed to produce an organizational chart, discovery encompassed by one of Spear's document requests, and Spear withdrew another one of its document requests. (#34 at 5, 9.) Regarding Spear's requests for Noble's internal documents and communications, *see id*. at 4, after a hearing on July 30, 2025, this court agreed with Noble, *see id*. at 9, that such requests were not found in the subpoena. It urged the parties to confer. (#38.)[7]

Spear filed this motion to supplement on October 24, 2025. Confused by Spear's inclusion in the new proposed subpoena (#41-2 at 7) of document requests that it believed had been resolved or were more appropriately directed to JDI, the court ordered Spear to clarify, and set another hearing. (#48.)[8] On review of Spear's clarification and Noble's response, this court canceled the

---

[6] Spear had not disclosed this parallel proceeding in its initial § 1782 application.

[7] The court suggested at the hearing that it would permit Spear to seek Noble's internal documents and communications, but it was not "prejudging" the issue. (#39 at 17.)

[8] Most notably, document request 2 in the new proposed subpoena seeks documents related to or discussing Spear including Noble's communications with JDI, *see* #41-2 at 7, although counsel stated at the July 30, 2025, hearing that Spear would not seek Noble's communications with JDI, *see* #39 at 15, and such communications could presumably be produced by JDI. Despite complaints about JDI's production, Spear had not filed a second motion to compel in the Southern District of Florida case. *See* #48.

hearing, however, and ordered the parties to confer regarding the only document request that remains at issue -- narrowed document request 2.[9] (#53.) That request is for

> All communications between January 1, 2023 and March 31, 2024, related to or discussing Spear Limited and/or its employees or agents, *excluding* any Communications to or from Spear Limited or JDI, and *further excluding* any Communication attaching an invoice or bill.

(#51 at 4.)[10]

The parties conferred to no avail. *See* #55. The clock is ticking. Spear represents that the next hearing in the Maltese proceeding is on February 5, 2026. That court is likely to set the next hearing in April, which will be Spear's final opportunity to present evidence against JDI, at least in its case-in-chief. (#55 at 3.)

As for the Southern District of Florida case, as of January 6, 2026, Spear and JDI were near an agreement on a proposed search term protocol and that if not agreed-to, the protocol would be

---

[9] Per Spear's clarification, *see* #51 at 1-2, 3, it reserves its right to do so at a later time but, at this time, it is not pursuing document request 1 ("Documents sufficient to describe [Noble's] organizational structure and ownership") or document request 3 ("All Documents during the relevant period, including but not limited to, Communications with JDI and/or its agents and representatives related to the Defense Logistics Agency (DLA) contracts listed on the Excel spreadsheet that Noble produced to Spear on July 10, 2025"). (#41-2 at 7.) Spear's request for a Fed. R. Civ. P. 30(b)(6) deposition of Noble, *see id.*, is similarly prospective: "Spear's potential need to depose Noble's corporate representative remains unchanged pending review of Noble's document production." (#55, most recent status report, at 7). Because Spear has not shown that it is entitled to this discovery at this time, the court recommends that so much of the motion to substitute that relates to the Rule 30(b)(6) deposition and document requests 1 and 3 be denied without prejudice.

[10] Specifically, Spear requests the production of the emails of four custodians that hit on three search terms -- "Spear" and the first and last name of Spear's principal, Tristan Setzer -- but excluding any emails to or from JDI or Spear. (#55 at 1-2.) Use of the three search terms on the emails of the four custodians, apparently without excluding any emails to or from JDI or Spear, yielded 1,765 emails. *Id*. at 2. It is not clear if any of those 1,765 emails are duplicative. Noble "believes that a significant number…are communications with Noble's counsel or are internal communications among non-lawyers that reflect privileged legal advice…." (#55 at 11.)

4

submitted to the court for adjudication. *Id*. As of this date, nothing regarding the protocol has been docketed publicly, and JDI's motion for reciprocal discovery remains pending. *See* #1:24-mc-24481.

On January 16, 2026, JDI moved, pursuant to Fed. R. Civ. P. 24(a), to intervene. (#58.)[11] Spear does not oppose the motion to intervene. *Id*. ¶ 9. The time for Noble to respond to the motion to intervene has not passed.

## Discussion

Spear asserts that Noble has admitted the relevance of its internal and third-party communications.[12] (#55 at 5, 6.)[13] That is not so. Any admission regarding the relevance of the list of Noble-JDI contract awards that Noble agreed to produce, and now has produced, to Spear is not an admission that the requested communications are relevant. Noble has consistently maintained that its internal and third-party communications are irrelevant. *See* #20 at 12; *see also* #55 at 8-10.

At the July 30, 2025, hearing, the court questioned the relevance of Noble's internal and third-party communications to proving that JDI breached its contract with Spear and why. (#39 at

---

[11] The motion to intervene has not been referred.

[12] By "third-party," the court means communications between Noble and third parties other than Spear and JDI.

[13] Absent court order, discovery must proceed "in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). Fed. R. Civ. P. 26 limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering…whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery upon a determination that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking the discovery has had ample opportunity to obtain the information; or the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

5

10); *see also* #55 at 6. Spear's counsel did not dispute that for this theory of relevance, Noble's internal and third-party communications regarding Spear must have been communicated to JDI. Instead, counsel raised the possibility that, e.g. one Noble employee emailed another saying, "someone needs to tell JDI to drop Spear," and a Noble employee then told JDI to drop Spear, in person or over the phone. (#39 at 10.) But the factual foundation for this theory of relevance should be pursued in the Southern District of Florica case. JDI would know if it had a call with a Noble employee who told it to drop Spear, and only JDI would know if its conduct was motivated by that call. Perhaps the factual foundation for this theory of relevance has been pursued in the Southern District of Florida case, but this record is not developed on that point. Ultimately, on the record before this court, the possibility raised by Spear's counsel is speculative. *See*, *e.g.*, *In re Subpoena to Witzel*, 531 F.3d 113, 118-119 (1st Cir. 2008) (speculative and attenuated connection between materials sought and the plaintiff's claim insufficient). The court thus rejects this first theory of relevance.

Spear's other theory of relevance is that Noble's internal documents and communications would show the work that Spear did. (#39 at 11); *see also* #55 at 6. The contract with Spear that JDI is alleged to have breached in the Maltese proceeding connects Spear's compensation to JDI's profits, and JDI, Spear asserts, did not turn over sufficient financial information to determine its profits. Spear also asserts that it does not have information on profits under some contracts that JDI obtained from Noble because JDI concealed the contracts from Spear. (#55 at 6.) On this latter assertion, the court is not persuaded that it is appropriate to require Noble to produce discovery because JDI allegedly concealed information and may conceal information again. If JDI engaged in any discovery misconduct in the Southern District of Florida case, JDI should bear the consequences, not Noble.

6

Spear, of course, knows how much work Spear did. (#39 at 11.) Rather, Spear is seeking Noble's internal documents and communications showing how much work Spear did because in the Maltese proceeding, Spear presented its own documents, and JDI contested them. Spear wants documents that JDI cannot contest. *Id*. at 11-12. Both JDI and Noble likely have relevant documents although, counsel admits, Noble would not have "extensively detailed" all of Spear's work. *Id*. at 12.

Noble's internal documents and communications showing how much work Spear did would be discoverable if they showed something different than JDI's records. The court does not know what JDI's records show or, for that matter, whether Spear has received or reviewed JDI's records yet. The court agrees with Noble, *see* #55 at 11, that it appears premature to seek Noble's internal documents and communications showing how much work Spear did.

Finally, it is not clear how narrowed document request 2, insofar as it excludes communications attaching invoices and bills, *see* #51 at 4, or the three proposed search terms, *see* #55 at 1-2, are tailored to this second theory of relevance, as opposed to the first theory of relevance, which the court has rejected.

For all of these reasons, the court recommends that the motion to supplement be denied without prejudice to renewal after further good-faith conference by counsel, with any renewed motion due within fourteen (14) days of the adoption of this report and recommendation. Given this recommendation, the court does not reach Noble's other arguments, including that a False Claims Act settlement between the United States and a defense contractor implicating Spear, Noble, and JDI presents complications not contemplated by Spear. *See* #55 at 10; *see also* #55-2.

January 29, 2026                                                      /s/M. Page Kelley  
                                                                                     M. Page Kelley  
                                                                                     United States Magistrate Judge